

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**06/09/2015**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **ATP OIL & GAS CORPORATION,** | § | **CASE NO: 12-36187** |
| **Debtor.** | § | |
| | § | **CHAPTER 7** |
| | § | |
| **RODNEY TOW,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 14-3275** |
| | § | |
| **T PAUL BULMAHN,** *et al* | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**FOR IMMEDIATE WITHDRAWAL OF THE REFERENCE**

This adversary proceeding seeks damages against ATP's former officers and directors arising out of their allegedly negligent pre-bankruptcy conduct.  On October 7, 2014, all of the Defendants moved to withdraw the reference.  The Plaintiff (Chapter 7 Trustee Rodney Tow) does not contest the withdrawal of the reference.

The Defendants have demanded a jury trial, and are entitled to one.  The lawsuit is not a core matter, and the Defendants have not consented to a trial before a bankruptcy judge.  Moreover, this adversary proceeding involves factual allegations that have not yet been explored in the bankruptcy case.  Accordingly, this Court recommends that the automatic reference be withdrawn forthwith.

**Background**

ATP Oil & Gas Corporation filed a chapter 11 bankruptcy petition on August 17, 2012.  On June 26, 2014, the case was converted to chapter 7.  On April 20, 2010, the Deepwater Horizon well blowout, explosion and fire occurred.  This adversary proceeding alleges that by

May 2010, ATP entered the zone of insolvency, principally as the result of the Deepwater Horizon events. The adversary proceeding also alleges that the officers and directors negligently responded to the exigencies created by the post-Deepwater Horizon operating environment.

The adversary proceeding asserts causes of action for breach of the duty of care, breach of fiduciary duty, and negligence against the former officers and directors.

The adversary proceeding separately alleges that ATP was sued in Louisiana for failing to make a timely claim against ATP's insurer[1]. A malpractice claim is asserted against ATP's former general counsel for legal malpractice related to this failure.

### Core v. Non-Core

All of the causes of action arose pre-bankruptcy. All of the causes of action would exist without the filing of the bankruptcy petition. The claims are related to the bankruptcy case, but neither arise in or under the Bankruptcy Code. *In re Wood,* 825 F.2d 90 (5th Cir. 1987). Claims arising out of pre-petition negligence by former officers and directors are not core. *WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 613 (S.D. Tex. 1999). The same is true for claims of legal malpractice. *In re The VWE Grp., Inc.,* 359 B.R. 441, 448 (S.D.N.Y. 2007).

Without consent, this Court may not issue a final judgment in a non-core proceeding. *Wellness Int'l Network, Ltd. v. Sharif*, 2015 WL 2456619 (U.S. May 26, 2015)

### Jury Demand

The Defendants have timely demanded a jury trial. They have not consented to a trial before the Bankruptcy Court. Without consent, the Bankruptcy Court may not conduct a jury

---

[1] Late last week, this Court issued a partial summary judgment order finding that ATP's failure to give timely notice did not excuse the insurer from paying ATP's defense costs in the Louisiana litigation.

trial. *Shubert v. Law Offices of Paul J. Winterhalter*, 2015 WL 2208805, at *2 (E.D. Pa. May 12, 2015); 28 U.S.C. § 157(e).

## Timing Issues

It is plain that the Bankruptcy Court may not conduct a trial of this matter. The matter is not core and the parties do not consent. The Defendants have made a jury demand, and the Bankruptcy Court may not (without consent) conduct the jury trial.

The remaining question is whether the Bankruptcy Court should retain this adversary proceeding until it is trial ready. That is a matter that should be left to the sound discretion of the District Court.

Normally, this Court recommends that matters be retained by the Bankruptcy Court until an adversary proceeding is "trial ready." However, in this case, there is little justification for the temporary retention by the Bankruptcy Court. Except for damages that might be measured by the effect, necessity and outcome of the bankruptcy case, this adversary proceeding will not be decided on any bankruptcy issues. The damages issue will not be one to be decided on summary judgment, so damages will need to be tried on the merits in any event. The undersigned judge is unfamiliar with the underlying facts that are in dispute in this case.

Conversely, if the District Court wishes for the Bankruptcy Court to retain this matter, the Bankruptcy Court can prepare the case for trial, monitor discovery disputes, and rule on dispositive motions.

Because there is nothing about this adversary proceeding that could more efficiently be handled by the Bankruptcy Court, the best decision is likely to withdraw the reference at this time. Nevertheless, the undersigned judge is not over-worked. If the District Court determines

that the case would best be resolved by leaving pre-trial matters in the Bankruptcy Court, then this Court would recommend that the reference be withdrawn when the case is "trial ready."

**Conclusion**

This Court recommends that the reference of this adversary proceeding to the Bankruptcy Court be withdrawn.   Absent militating circumstances, the reference should be withdrawn forthwith.   If the District Court determines it best, the reference should be withdrawn when the adversary proceeding is trial ready.

SIGNED **June 9, 2015.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE
