UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RODNEY TOW, TRUSTEE                          CIVIL ACTION

VERSUS                                        NO: 15-3141

T. PAUL BULMAHN, *ET AL.*                     SECTION: R

## ORDER AND REASONS

Before the Court are two motions for entry of final judgment under Federal Rule of Civil Procedure 54(b), one filed by the Director Defendants[1] and one filed by Officer Defendants G. Ross Frazer, Isabel Plume, and Robert M. Shivers III.[2]  For the following reasons, the Court denies both motions.


## I.    BACKGROUND

This case arises out of the demise of ATP Oil & Gas Corporation, a Texas-based oil and gas company that filed for bankruptcy in August 2012.[3]  Rodney Tow, the Chapter 7 Trustee for ATP, filed this lawsuit against a number of ATP's former officers and directors, alleging gross mismanagement and

---

[1] R. Doc. 77.

[2] R. Doc. 76.

[3] Unless otherwise noted, the Court draws its factual account from its order granting the Director Defendants' and Officer Defendants' motions to dismiss the Second Amended Complaint.  *See* R. Doc. 71.

various forms of unlawful conduct.  In his Second Amended Complaint, the Trustee alleged that beginning in May 2010, the Officer Defendants[4] and Director Defendants[5] breached fiduciary duties they owed to ATP and its creditors.  The Trustee also sought to void cash and stock bonuses paid to certain Officer Defendants as fraudulent transfers.  Finally, the Trustee alleged that each Officer Defendant and Director Defendant conspired with and/or aided and abetted other defendants in breaching their fiduciary duties and allowing the distribution of fraudulent transfers.

On April 29, 2016, the Court granted Rule 12(b)(6) motions to dismiss filed by the Officer Defendants and Director Defendants.  Finding that the Trustee's request for leave to amend his complaint was generally unwarranted, the Court dismissed most of the Trustee's claims with prejudice.  Nonetheless, the Court granted the Trustee twenty-one days to amend his pleadings to better allege two causes of action: (1) his breach of fiduciary duty claim against Officer Defendant Bulmahn for allegedly causing ATP to enter unfavorable contracts to benefit his "friends"; and (2) his fraudulent transfer claims

---

[4] The "Officer Defendants" are T. Paul Bulmahn, Leland Tate, Albert L. Reese, Jr., George R. Morris, Keith R. Godwin, Pauline van der Sman-Archer, Isabel Plume, Robert M. Shivers III, and G. Ross Frazer.

[5] The "Director Defendants" are Burt A. Adams, Arthur H. Dilly, Brent M. Longnecker, Robert J. Karow, Gerard J. Swonke, Chris A. Brisack, George R. Edwards, and Walter Wendlandt.

seeking to void cash and stock bonuses paid to certain Officer Defendants.

On May 18, 2016, the Trustee filed a one-count Third Amended Complaint.[6] As amended, the pleadings assert only fraudulent transfer claims against Officer Defendants Bulmahn, Tate, Reese, Morris, and Godwin. The Trustee does not re-allege his breach of fiduciary duty claim against Officer Defendant Bulmahn; nor does he assert any claims whatsoever against the Director Defendants or Officer Defendants Sman-Archer, Plume, Shivers, or Frazer. The Director Defendants and Officer Defendants Plume, Shivers, and Frazer now ask the Court to enter a final judgment as to the Trustee's claims against them under Rule 54(b).[7] The Trustee opposes both motions.[8]

## II.   DISCUSSION

Rule 54(b) provides, in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

---

[6] R. Doc. 72.

[7] R. Docs. 76, 77.

[8] R. Docs. 78, 79.

Fed. R. Civ. P. 54(b). The Fifth Circuit has noted that "[o]ne of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus., Inc. v. Harrison County Waste Mgmt.*, 81 F.3d 1412, 1421 (5th Cir. 1996). It explained that Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice: "A district court should grant certification [in a Rule 54(b) case] only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal; it should not be entered routinely as a courtesy to counsel." *Id.* (citing *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir. 1985)).

The threshold inquiry for this Court is whether "there is no just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court has a duty to weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "'would have to decide the same issues more than once even if there were subsequent

4

appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss–Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

After weighing the appropriate factors, the Court finds that certification is inappropriate in this case. The Director Defendants and Officer Defendants Frazer, Plume, and Shivers fail to convince the Court that "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *PYCA Indus., Inc.*, 81 F.3d at 1421 (holding that the district court abused its discretion by certifying an appeal without a finding of hardship). While both sets of defendants suggest that they would harmed by delayed appellate review of the Court's April 29, 2016 order, the risk of being brought back into litigation after a final judgment and appeal is present in every case in which claims are dismissed against some defendants but not others. Defendants provide no facts or argument demonstrating that this is the sort of "infrequent harsh case" that Rule 54(b) was designed to address. *See Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984).

Further, litigation between the Trustee and Officer Defendants Bulmahn, Tate, Reese, Morris, and Godwin remains unresolved and could result in an appeal. Given the interrelatedness of the Trustee's breach of fiduciary duty, conspiracy, aiding and abetting, and fraudulent transfer claims against all of

the defendants in this case, an entry of judgment against some of the defendants could require an appellate court to decide the same issues on multiple occasions.  Thus, the risk of piecemeal review outweighs the danger of denying justice by delay.

## III.   CONCLUSION

For the foregoing reasons, the Court DENIES both motions for entry of final judgment under Rule 54(b).

New Orleans, Louisiana, this 30th day of June, 2016.

_____

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE