IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

───────────────────────

No. 17-30077
Summary Calendar

───────────────────────

D.C. Docket No. 2:15-CV-3141

United States Court of Appeals
Fifth Circuit
**FILED**
October 27, 2017
Lyle W. Cayce
Clerk

In the Matter of: ATP OIL & GAS CORPORATION

    Debtor

------------------------------------------------------------------

RODNEY TOW,

    Appellant

v.

T. PAUL BULMAHN; LELAND TATE; ALBERT L. REESE, JR.; GEORGE R. MORRIS; PAULINE VAN DER SMAN-ARCHER; ISABEL PLUME; G. ROSS FRAZER; BURT A. ADAMS; ARTHUR H. DILLY; BRENT M. LONGNECKER; GERARD J. SWONKE; CHRIS A. BRISACK; GEORGE R. EDWARDS; KEITH R. GODWIN; ROBERT M. SHIVERS, III; ROBERT J. KAROW; CAVITT WENDLANDT, in his capacity as Executor of the Water Wendlandt Estate,

    Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that appellant pay to appellee the costs on appeal to be taxed by the Clerk of this Court.



Certified as a true copy and issued
as the mandate on **Jan 19, 2018**

Attest:   *Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30077
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 27, 2017

Lyle W. Cayce
Clerk

In the Matter of: ATP OIL & GAS CORPORATION

Debtor

-------------------------------------------------------------------

RODNEY TOW,

Appellant,

v.

T. PAUL BULMAHN; LELAND TATE; ALBERT L. REESE, JR.; GEORGE R. MORRIS; PAULINE VAN DER SMAN-ARCHER; ISABEL PLUME; G. ROSS FRAZER; BURT A. ADAMS; ARTHUR H. DILLY; BRENT M. LONGNECKER; GERARD J. SWONKE; CHRIS A. BRISACK; GEORGE R. EDWARDS; KEITH R. GODWIN; ROBERT M. SHIVERS, III; ROBERT J. KAROW; CAVITT WENDLANDT, in his capacity as Executor of the Water Wendlandt Estate,

Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:15-CV-3141

No. 17-30077

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Rodney Tow, Chapter 7 Trustee ("Trustee") for ATP Oil & Gas Corporation's ("ATP") bankruptcy, appeals the district court's dismissal of his claims against ATP's officers ("Officers")[1] and outside directors ("Directors").[2] The Trustee asserts that the district court erred in dismissing his breach of fiduciary duty claims, fraudulent transfer claims, and related civil conspiracy and aiding and abetting claims. The Trustee also asserts that the district court abused its discretion in partially denying him leave to amend the Second Amended Complaint.

After having reviewed the record below, we affirm the district court's judgment that the Trustee failed to state a plausible claim upon which relief can be granted. We also hold that the district court did not abuse its discretion in partially denying the Trustee leave to amend the Second Amended Complaint.

## I. BACKGROUND

### A.  Factual Background

Following the 2010 Deepwater Horizon drilling rig explosion and oil spill—and resulting moratoria on new and existing deepwater drilling in the Gulf of Mexico—ATP began experiencing difficulties servicing its debt and paying expenses. After the oil spill, ATP made substantial investments in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Officers include: T. Paul Bulmahn, Leland Tate, Albert L. Reese, Jr., George R. Morris, Keith R. Godwin, Pauline van der Sman-Archer, Isabel Plume, Robert M. Shivers III, and G. Ross Frazer.

[2] Outside directors include: Burt A. Adams, Arthur H. Dilly, Brent M. Longnecker, Robert J. Karow, Gerard J. Swonke, Chris A. Brisack, George R. Edwards, and Walter Wendlandt.

Case: 17-30077　　Document: 00514313673　　Page: 3　　Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM　Document 93　Filed 01/25/18　Page 5 of 17

No. 17-30077

several capital projects. The first project involved a contract for constructing a floating production platform in ATP's Cheviot Field in the North Sea. The second project involved efforts to obtain drilling licenses in the Eastern Mediterranean Sea for two ATP subsidiaries.

Ultimately, ATP did not weather the storm of disruption caused by the Deepwater Horizon accident and resulting drilling moratoria. New regulations on deepwater well decommissioning forced ATP to incur unanticipated costs. The Trustee alleges that ATP, struggling to pay these costs, incurred $120 million in liability to the Bureau of Ocean Energy Management; the Bureau eventually stripped ATP of its ability to operate in the Gulf of Mexico.

Prior to declaring bankruptcy, ATP took a number of steps to generate cash to pay "past due obligations," including selling investors "net profits increases" and "overriding royalty interests." The Trustee alleges that these efforts generated cash, but they dramatically encumbered ATP's ability to profit in the future from its in-ground hydrocarbon assets. The Trustee also asserts that ATP entered unfavorable vendor contracts that caused the company to incur additional costs with little countervailing benefit. The Trustee contends that while ATP struggled to maintain profitability, ATP paid substantial cash bonuses to certain Officers.

By summer 2012, ATP was considering bankruptcy. Prior to filing for bankruptcy, ATP's Board of Directors approved payment of a special dividend for Series B stock holders. The announced dividend amounted to $1.99 per Series B share and resulted in an authorized payment of $7 million. According to the Trustee, this payout occurred despite the fact that ATP's attorneys advised the corporation that the dividend would be improper under the federal Bankruptcy Code and Texas law.

Case: 17-30077    Document: 00514313673    Page: 4    Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM    Document 93    Filed 01/25/18    Page 6 of 17

No. 17-30077

## B.  Procedural Background

On August 17, 2012, ATP voluntarily filed for Chapter 11 bankruptcy protection in the Southern District of Texas. ATP's case was converted to a Chapter 7 proceeding on June 26, 2014. Rodney Tow was appointed Trustee for ATP's estate.

The Trustee filed suit on behalf of ATP's estate against ATP's Officers and Directors. The case was initially assigned to the Bankruptcy Court for the Southern District of Texas, but it was transferred to the U.S. District Court for the Southern District of Texas on June 29, 2015. Pursuant to a joint stipulation and order, the Trustee filed his First Amended Complaint. The case was subsequently transferred to the U.S. District Court for the Eastern District of Louisiana. The Officers filed a 12(b)(6) motion to dismiss the First Amended Complaint. The Directors did the same. In response, the Trustee timely sought and received leave to amend. He then filed the Second Amended Complaint, which included a number of claims pertinent to this appeal.[3] The Officers and Directors then filed 12(b)(6) motions to dismiss the Second Amended Complaint.

The district court granted the 12(b)(6) motions to dismiss. However, the Trustee in his opposition to the motions sought leave to amend. The district court granted leave to amend as to two claims and denied leave to amend as to the others, finding that amendment was largely futile.

The Trustee then filed his Third Amended Complaint which raised only the fraudulent transfer claim against a few Officers. The Officers filed another

---

[3] The pertinent claims assert that: ATP's cash bonuses and preferred stock dividend payout represented breaches of fiduciary duties by the Officers and Directors under Texas law; the cash bonuses amounted to fraudulent transfers for which ATP did not receive equivalent value in exchange; and the Officers and Directors conspired to breach their fiduciary duties, or aided and abetted such breaches.

4

Case: 17-30077 Document: 00514313673 Page: 5 Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM Document 93 Filed 01/25/18 Page 7 of 17

No. 17-30077

12(b)(6) motion to dismiss. The district court granted the motion. The district court then entered a final judgment dismissing the Trustee's claims with prejudice. The Trustee then timely appealed.[4]

## II. JURISDICTION

The district court exercised subject-matter jurisdiction pursuant to 28 U.S.C. § 1334. The court entered a final judgment disposing of all parties' claims on January 4, 2017. The Trustee timely filed notice of appeal on February 1, 2017. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291.

## III. STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 12(b)(6). *Iqbal* dictates that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A dismissal for failure to state a claim is reviewed de novo. *Wallace v. Tesoro Corp.*, 796 F.3d 468, 475 (5th Cir. 2015) (citation omitted).

The Federal Rules of Civil Procedure direct courts to freely give a party leave to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2).

---

[4] Specifically, the Trustee appeals the district court's dismissal of the breach of fiduciary duty claims related to the preferred stock dividends and cash bonuses, the fraudulent transfer claims related to the cash bonuses, and the civil conspiracy and aiding and abetting claims regarding the fiduciary duty breaches. The Trustee also argues on appeal that the district court abused its discretion in denying the Trustee leave to amend.

5

Case: 17-30077    Document: 00514313673    Page: 6    Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM    Document 93    Filed 01/25/18    Page 8 of 17

No. 17-30077

"A district court's decision to grant or deny leave to amend will be overturned only for abuse of discretion." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (citation omitted).

## IV. DISCUSSION

### A. The District Court Properly Dismissed the Fiduciary Duty Breach Claims

Texas law provides that "[t]he elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the defendant." *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex. App.—Dallas 2006, pet. denied). Corporate officers and directors must fulfill three broad fiduciary duties: the duty of care, the duty of loyalty, and the duty of obedience. *Gearhart Indus., Inc. v. Smith Int'l, Inc.*, 741 F.2d 707, 719 (5th Cir. 1984). It is well-established that while the corporation continues to operate, officers and directors of Texas corporations owe fiduciary duties to the corporation—not the corporation's creditors. *Conway v. Bonner*, 100 F.2d 786, 787 (5th Cir. 1939); *see Floyd v. Hefner*, No. CIV.A. H-03-5693, 2006 WL 2844245, at *11–12 (S.D. Tex. Sept. 29, 2006), *on recons. in part*, 556 F. Supp. 2d 617 (S.D. Tex. 2008) (finding *Conway* to still be binding precedent); *id.* at *24 ("Texas law does not impose fiduciary duties in favor of creditors on the directors of an insolvent, but still operating, corporation.").

"The business judgment rule in Texas generally protects corporate officers and directors, who owe fiduciary duties to the corporation, from liability for acts that are within the honest exercise of their business judgment and discretion." *Sneed v. Webre*, 465 S.W.3d 169, 173 (Tex. 2015). One important outgrowth of the business judgment rule is that courts will not

Case: 17-30077      Document: 00514313673      Page: 7      Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM   Document 93   Filed 01/25/18   Page 9 of 17

No. 17-30077

interfere with decisions made by a corporation's officers or directors based on allegations of mismanagement, neglect, or abuse of discretion. *Id.* at 186. Courts typically do not intervene in corporate affairs unless officers or directors commit acts that are *ultra vires*, fraudulent, or oppressive to minority shareholder rights. *Id.*

The Trustee asserts that the district court erred in dismissing two claims pertaining to alleged fiduciary duty violations. The Trustee argues that the district court erred in dismissing his assertions that ATP's Officers and Directors breached their fiduciary duties when they permitted the payment of preferred stock dividends at the time of ATP's impending bankruptcy.[5] He asserts that the business judgment rule does not shield these actions because they were grossly negligent. Second, the Trustee alleges that the district court erred in dismissing its claims that ATP's Officers and Directors breached their fiduciary duties when they authorized the payment of cash bonuses to certain ATP officers in 2010 and 2011. The Trustee argues that these payments violated ATP's internal policies regarding bonuses. The Trustee again asserts that these actions are not shielded by the business judgment rule because the acts were grossly negligent. We affirm the district court's findings regarding each claim.

### 1. *Preferred Stock Dividend Payments*

The district court correctly rejected the Trustee's claims that the decision authorizing preferred stock dividend payments violated any fiduciary duties the Officers or Directors may have owed. First, the Trustee fails to allege with specificity which Appellees authorized the preferred stock dividend payment. That is, the Trustee fails to distinguish between the different roles and

---

[5] The Trustee in his pleadings frequently lumps together the Officers and Directors when asserting fiduciary duty violations.

7

Case: 17-30077    Document: 00514313673    Page: 8    Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM    Document 93    Filed 01/25/18    Page 10 of 17

No. 17-30077

responsibilities of the Officers and Directors. The court cannot reasonably infer which defendants are liable for the alleged misconduct, so the Trustee's claims lack facial plausibility. *See Iqbal*, 556 U.S. at 678. Second, the Trustee asserts but does not explain why the stock dividend payment would "necessarily harm[]" ATP's "long-term viability and any chance of emerging from bankruptcy." As the district court recognized, the Trustee has failed to plead any facts explaining why such a preferred stock dividend payment necessarily harmed the corporation itself—the entity to which the Officers and Directors owed a fiduciary duty. Thus, we affirm the district court's determination that the Trustee failed to state a plausible breach of fiduciary duty claim with respect to the preferred stock dividend payment. *See id.*

### 2. *Cash Bonus Payments*

The Trustee alleges that the district court improperly dismissed the claim that certain Appellees are liable for breaching their fiduciary duties because they "authoriz[ed], ratif[ied], or receiv[ed] exorbitant cash bonuses despite that ATP was insolvent or in the zone of insolvency." The Trustee asserts that the bonus payments violate ATP's own bonus policies. The Trustee contends that the decision to pay large cash bonuses at a time when ATP performed poorly and saw decreases in its revenue and profits constituted a breach of the corporate executives' fiduciary duties.

The Trustee's allegations suffer from similar flaws as his claims about the preferred stock dividend payments. First, the Trustee concludes without evidentiary support that the bonuses in question were excessive. Even at the pleading stage, the Trustee still needs to state claims with specificity—conclusory allegations will not suffice. *See Iqbal*, 556 U.S. at 678. The Trustee does not explain how ATP's compensation was excessive in comparison to other similarly sized public companies in the oil and gas industry at the time. Indeed,

8

Case: 17-30077   Document: 00514313673   Page: 9   Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM   Document 93   Filed 01/25/18   Page 11 of 17

No. 17-30077

the Trustee offers no metric or explanation for finding the bonuses "exorbitant." Second, the Trustee offers no persuasive explanation for why paying large cash bonuses constitutes a fiduciary duty breach. The business judgment rule likely bars such a claim. *See Sneed*, 465 S.W.3d at 186. The district court correctly found that a corporate fiduciary's decision to receive or award compensation in exchange for performing corporate services does not constitute a per se duty of loyalty breach. *See Torch Liquidating Tr. ex rel. Bridge Assocs., LLC v. Stockstill*, No. CIV.A. 07-133, 2008 WL 696233, at *9 (E.D. La. Mar. 13, 2008), *aff'd sub nom. Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377 (5th Cir. 2009) ("[T]he argument that by accepting monetary compensation for doing their job and as well as other benefits the Defendants engaged in self-dealing, is meritless."). Executives may judge that continuing to compensate corporate management during times of financial hardship may be necessary to retain those employees. And during a time of potential insolvency, retaining corporate leadership may be the best way to revitalize the corporation. Ultimately, the Trustee failed to plead with plausibility that the payment of cash bonuses constituted a fiduciary duty breach by any Officer or Director. We affirm the district court's findings in this respect.

## B. The District Court Properly Dismissed the Fraudulent Transfer Claims

The Trustee asserts that the district court erred in dismissing the fraudulent transfer claims against the Officers and Directors with regard to the payment and receipt of certain cash bonuses. We agree with the court's conclusion that the Trustee failed to state a plausible claim for relief based on the fraudulent transfer claim.

The Trustee, under the Texas Uniform Fraudulent Transfer Act ("TUFTA"), Tex. Bus. & Com. Code § 24.005(a)(2), seeks to avoid as fraudulent

9

Case: 17-30077 Document: 00514313673 Page: 10 Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM Document 93 Filed 01/25/18 Page 12 of 17

No. 17-30077

transfers cash and stock bonuses paid to the Appellees in 2010 and 2011. The Trustee argues that ATP received less than reasonably equivalent value in exchange for the "improper and exorbitant cash bonuses" received by certain Appellees. A detailed recitation of the law on this point is unnecessary. We affirm the district court's conclusion that the Trustee's factual allegations fail to plausibly state a claim for relief. *See Iqbal*, 556 U.S. at 678; *cf. In re Felt Mfg. Co., Inc.*, 371 B.R. 589, 651 (Bankr. D.N.H. 2007) ("Bad business decisions without more cannot form the basis for a fraudulent conveyance action seeking recovery of compensation paid to an officer or a director."). The Trustee failed to plausibly allege that the defendants did not honestly and diligently perform their jobs. Even if these executives accepted compensation for decisions that—in hindsight—were problematic, that does not prove that the Officers and Directors acted to defraud the creditors of their employer's future estate.

The Trustee also asserts that ATP was insolvent or had unreasonably small capital at the time of the bonus payments, thus the payments were fraudulent conveyances. However, the district court correctly found that the Trustee failed to present any financial data showing that ATP was actually insolvent or had little capital when making the complained-of bonus payments. Without a specific reference to ATP's financial condition at the time—which the Trustee should be capable of making in light of his access to ATP's financial books and records—the Trustee cannot plausibly show that ATP was insolvent at the time of the transfers. *See Iqbal*, 556 U.S. at 678. The Trustee, again, offers conclusory assertions about ATP's financial condition and subjective determinations regarding the amount of available capital. Conclusory allegations, even at the pleading stage, fail to plausibly state a claim upon which the court may grant relief. *Id.*

Case: 17-30077 Document: 00514313673 Page: 11 Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM Document 93 Filed 01/25/18 Page 13 of 17

No. 17-30077

## C. The District Court Properly Dismissed the Conspiracy and Aiding and Abetting Claims

The Trustee asserts that the district court erred in dismissing claims against the Officers and Directors regarding a conspiracy to breach their fiduciary duties and aiding and abetting breach of fiduciary duty claims.

The first issue is the civil conspiracy claim. "An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983) (citations omitted). "The essential elements are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Id.*

The district court determined that the Trustee failed to allege a plausible claim for civil conspiracy. We agree. The trustee fails to plausibly allege that any meeting of minds occurred between any Appellees. *See Iqbal*, 556 U.S. at 678. Moreover, because, as discussed *supra*, the Trustee's fiduciary duty breach claims fail, the Trustee cannot satisfy the "unlawful act" requirement of civil conspiracy. *See Massey*, 652 S.W.2d at 934. Thus, the civil conspiracy claim fails as a matter of law.

The aiding and abetting claim presents the same issue. Texas law contemplates liability for a party who knowingly participates in the breach of a duty of a fiduciary; the participating party becomes a joint tortfeasor with the breaching party. *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 639 (5th Cir. 2007) (citing *Kinzbach Tool Co. v. Corbett–Wallace Corp.*, 160 S.W.2d 509, 514 (Tex. 1942)). A plaintiff bringing this claim must assert three elements: "(1) the existence of a fiduciary relationship; (2) that the third party knew of the fiduciary relationship; and (3) that the third party was aware that it was

11

Case: 17-30077    Document: 00514313673    Page: 12    Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM    Document 93    Filed 01/25/18    Page 14 of 17

No. 17-30077

participating in the breach of that fiduciary relationship." *Id.* (citations omitted).

The district court rejected the Trustee's aiding and abetting claims. The court concluded that aiding and abetting a fraudulent transfer is not a valid claim under either state or federal law. We need not render a final determination on this issue. Instead—as the district court recognized—the aiding and abetting claim fails because the Trustee has failed to plausibly allege a fiduciary duty breach. *See Iqbal*, 556 U.S. at 678. Thus, the district court did not err in dismissing the Trustee's aiding and abetting cause of action.

## D. The District Court Did Not Abuse Its Discretion in Denying the Trustee Partial Leave to Amend the Second Amended Complaint

Courts should give leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatically granted. *See Davis*, 961 F.2d at 57. A district court has discretion in deciding whether to grant leave to amend a complaint. *Id.* A number of factors may give the court reason to deny a party leave to amend, including "undue delay, bad faith, undue prejudice to the opposing party by allowing the amendment, and futility of the amendment." *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A district court's decision to grant or deny leave to amend will be overturned only for abuse of discretion." *Id.*

The district court did not abuse its discretion in partially denying the Trustee leave to amend the Second Amended Complaint. The Trustee, on appeal, asserts that the district court "should have granted [the Trustee] leave to amend to cure any alleged deficiencies." However, the district court correctly determined that many of the Trustee's claims failed as a matter of law, and he would be unable to cure those defects through amendment. The district court found that Texas's business judgement rule barred a number of the Trustee's

12

Case: 17-30077   Document: 00514313673   Page: 13   Date Filed: 01/19/2018
Case 2:15-cv-03141-SSV-JVM   Document 93   Filed 01/25/18   Page 15 of 17

No. 17-30077

claims, so pursuing those claims further would be futile. Moreover, the court found that the Trustee had a number of previous opportunities to plead his claims. As the district court aptly explained, "the Trustee continue[d] to rely almost exclusively on vague, conclusory allegations of wrongdoing, which he levels at all eighteen defendants without distinction." The Trustee's pattern of deficient pleading continues before this court. As the district court recognized, these pleading deficiencies are "particularly striking" because the Trustee has ample access to ATP's books and records. As we have held, "[a]t some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986). Thus, we conclude that the district court did not abuse its discretion in partially denying the Trustee's motion for leave to amend the Second Amended Complaint.

## CONCLUSION

We affirm the district court's judgment that the Trustee failed to state a plausible claim upon which relief can be granted. We also hold that the district court did not abuse its discretion in partially denying the Trustee leave to amend the Second Amended Complaint.

13

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

January 19, 2018

Mr. William W. Blevins
U.S. District Court, Eastern District of Louisiana
500 Poydras Street
Room C-151
New Orleans, LA 70130

    No. 17-30077   Rodney Tow v. T. Bulmahn, et al
                     USDC No. 2:15-CV-3141

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Connie Brown, Deputy Clerk
                              504-310-7671

cc:
    Mr. Paul R. Bessette
    Mr. Michael John Biles
    Mr. Corby Davin Boldissar
    Mr. Kyle Mitchell Burke
    Ms. Alicia Fazzano Castro
    Mr. Richard Brent Cooper
    Mr. Philip Guy Eisenberg
    Mrs. Diana L. Faust
    Mr. W. Scott Hastings
    Mr. Tyler Wayne Highful
    Mr. Omer F. Kuebel III
    Mr. Christopher David Lindstrom
    Mr. Mark D. Manela
    Mr. David B. Parnell Jr.
    Mr. Srimath Saliya Subasinghe

```
Mr. James Patrick Sullivan
Ms. Pauline Van Der Sman-Archer
Mr. Matthew Aaron Woolf
```